IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, ) | C/A No.: 1:11-3079-TLW-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| State of South Carolina; Nimrata R. ) | |
| Haley, as SC's Governor; Alan Wilson, ) | |
| as SC's Attorney General; Jean Toal, as ) | |
| administrative head of all SC's state ) | |
| courts; Mark Keel, as Chief of SC's ) | |
| State Law Enforcement Division ) | REPORT AND RECOMMENDATION |
| (SLED); Ken Lancaster, as Acting Head ) | |
| of SC's Department of Public Safety; ) | |
| Leon Lott, as Sheriff of Richland ) | |
| County, SC, and Warden of the Alvin S. ) | |
| Glenn Detention Center (ASGDC); ) | |
| Jeannette McBride, as Richland ) | |
| County's Clerk of Court; William ) | |
| Nettles, as U.S. Attorney for the District ) | |
| of South Carolina (D.S.C.); the City of ) | |
| Columbia, SC; and Leslie Coggiola, ) | |
| officially as SC's Disciplinary Counsel, ) | |
| all officially and solely for injunctive ) | |
| relief, ) | |
| ) | |
| Respondents. ) | |

Petitioner, proceeding *pro se* and *in forma pauperis*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that she has been deprived of her right to a speedy trial and seeking the dismissal of all claims currently pending against her in the Columbia Municipal Court ("CMC"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations

to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual Background

Petitioner alleges that she was "falsely arrested on two counts of harassment 'in the first degree,'" in December of 2009. [Entry #1]. Petitioner states she defended herself on the charges in a five-day jury trial beginning on February 22, 2010, in the Richland County Court of General Sessions. *Id.* She alleges the "jury deadlocked resulting in a mistrial." *Id.* Petitioner states her charges were then reduced to "harassment 'in the second degree,'" and remanded to the CMC for further disposition. *Id.*

Petitioner indicates that she "is a physician, licenced in Virginia, and her family lives in Ohio. Due to the bond condition that she not leave the state, she has been unable to see her family or practice her profession for two years now and suffered immense other damages to her person and intellectual property." *Id.* Petitioner alleges a violation of her right to a speedy trial and asks this court to "release her and order all pending charges in Columbia Municipal Court (CMC) against her dismissed." *Id.* Petitioner also asks that the "CMC and the City [be] enjoined from arresting her again." *Id.*

II.     Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for

2

the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. Pretrial petitions for habeas corpus relief, however, are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through

federal habeas corpus.  *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43–44 (citation omitted).  From *Younger* and its progeny, the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying this test to the instant facts, Petitioner alleges that she is currently released on bond pending retrial in an ongoing state criminal proceeding.  Thus, the first prong of the abstention test is satisfied.  The second criterion has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  In addressing the third criterion, the Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient

opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224–26. *See also Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.* Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*

In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.* at 443. *See also Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *2 (4th Cir. Feb. 10, 1993) (finding district court should abstain from considering a speedy trial claim pursuant to *Younger*, even if the case were properly exhausted).

Although Petitioner has been prohibited by the South Carolina Supreme Court from filing documents *pro se*,[1] she can pursue her claims in state court upon retention of

---

[1] Attached to the petition is an order issued by the South Carolina Supreme Court on April 8, 2011. [Entry #1-1 at p. 9]. The order provides, "due to the frivolous, repetitive and abusive nature of appellant's filings in this Court and other courts in this state, we hereby prohibit appellant from filing anything in the courts of this state in a pro se capacity." *Id.*

counsel. Thus, Petitioner fails to demonstrate "special circumstances" or that she has no adequate remedy at law and will suffer irreparable injury if denied the relief she seeks—release from bond and dismissal of all charges. *See Younger*, 401 U.S. at 43–44. Petitioner is therefore precluded from federal habeas relief at this time, and her petition should be dismissed.

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

January 13, 2012                                         Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).